UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

*************
RALPH SCHWARZ              *
                           *   MAGISTRATE JUDGE _____ Docket No. 05-10331
v.                         *
                           *
U.S. FOODSERVICE, INC.     *
                           *
*************

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE _____

## COMPLAINT

NOW COMES Ralph Schwarz, and complains against U.S. Foodservice, Inc. as follows:

### Parties

1. Ralph Schwarz is an individual residing at 3 Elm Hill Road, Peterborough, NH 03248, but at the time of the events giving rise to this claim, resided at 4 Morgan Trail, Sandwich, MA 02563.

2. U.S. Foodservice, Inc. is a Maryland corporation which, at the time of the events giving rise to this claim, maintained a regular office at 8 Carnegie Row, Norwood, MA 02062. Its business is design and supply of restaurants and commercial kitchens.

### Jurisdiction and Venue

3. Jurisdiction is based on 28 U.S.C. § 1332, in that the dispute is between citizens of different states and in excess of $75,000.00 is in controversy.

4. Venue is premised on 28 U.S.C. § 1391(a), in that the District of Massachusetts is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### Facts

5. From April of 2002 through September of 2004, Schwarz was employed by U.S. Foodservice as a Contract Design Specialist, arranging sales of food service equipment and managing construction projects for U.S. Foodservice.

6. Schwarz's compensation package was based on commissions on sales of equipment, with an annual base draw of $60,000.00 against commissions to be received, with the base to be "reviewed after six months and again after nine months for the consideration of gross profit dollars earned against the commission schedule."

7. At the time of hiring Schwarz, U.S. Foodservice did not share the commission schedule with Schwarz, who finally received the commission schedule in October of 2002 (indicating that Schwarz's commission was based on a percentage of the gross profits realized by U.S. Foodservice on Schwarz's generated sales of equipment).

8. In addition to realizing a profit on sales of equipment generated by Schwarz, U.S. Foodservice billed out Schwarz's time in managing thirty-one projects which he personally brought to U.S. Foodservice in his first week of employment, at the rate of $100.00 per hour.

9. At no time did the parties have any firm agreement on the amount of compensation to be paid to Schwarz in his managing efforts, nor was there precedent at U.S. Foodservice for compensating one in Schwarz' position. Instead, the parties did

agree that they would continue to discuss an appropriate arrangement for compensating Schwarz for his management efforts, but they never formalized an agreement.

10. In the two-plus years that Schwarz managed projects for U.S. Foodservice, Schwarz's billings at the rate of $100.00 per hour generated revenues of approximately $200,000 for U.S. Foodservice.

11. Because Schwarz worked out of his home, the additional overhead incurred by U.S. Foodservice attributable to Schwarz' management efforts (over and above overhead incurred by virtue of his sales efforts) was both insignificant and fully absorbed by the annual sales base revenue ($220,000) upon which Schwarz' $60,000 advance against commissions was calculated.

11. In September of 2004, U.S. Foodservice terminated Schwarz without ever compensating him for his management efforts.

## COUNT I: QUANTUM MERUIT/UNJUST ENRICHMENT

13. Schwarz realleges and incorporates by references the allegations of Paragraphs 1 through 12 above.

14. U.S. Foodservice has realized significant profits approximating $200,000, as a result of billing clients for Schwarz's time in managing various projects for U.S. Foodservice.

15. Schwarz provided said labor in the expectation of being compensated fairly therefore and with the understanding, acknowledged by U.S. Foodservice, that the parties would come to a fair agreement on said compensation.

16. Said labor was provided under circumstances in which it would be unjust for U.S. Foodservice to retain the benefits thereof without paying fair compensation.

17. Schwarz has suffered damages as a result of U.S. Foodservice's refusal to compensate him for said labor, the fair value of which exceeds $75,000.00.

## COUNT II: INTENTIONAL MISREPRESENTATION

18. Schwarz realleges and incorporates by references the allegations of Paragraphs 1 through 12 above.

19. U.S. Foodservice represented to Schwarz that he would be compensated, above and beyond commissions on sales of equipment, for his management efforts on behalf of U.S. Foodservice.

20. U.S. Foodservice made said representation with the intention that Schwarz would rely on it.

21. Schwarz relied on said representation in continuing to devote significant labor to the management of U.S. Foodservice projects, in the expectation of reaching agreement on said compensation

22. Despite its representation that it would do so, U.S. Foodservice has never compensated Schwarz for his management efforts.

23. Schwarz has suffered damages as a result of said misrepresentation

## PRAYER FOR RELIEF

Wherefore, Schwarz demands damages against U.S. Foodservice in an amount to be determined after discovery, but not less than $75,000.00, together with interest as allowed by law and his costs of suit.

A JURY TRIAL IS DEMANDED AS TO ALL ISSUES SO TRIABLE.

>Respectfully submitted,

>RALPH SCHWARZ

>By his attorney,

February 15, 2005

>_____
>Frank P. Spinella, Jr.  BBO 566536
>HALL, MORSE, ANDERSON, MILLER &
>SPINELLA, P.C.
>14 Centre Street, P.O. Box 2289
>Concord, NH 03302-2289
>(603)225-6655

- 5 -

```
JS 44          Case 1:05-cv-10331-EFH   Document 1-2   Filed 02/18/2005   Page 1 of 2
(Rev. 12/96)
                                    CIVIL COVER SHEET
```

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Ralph Schwarz
3 Elm Hill Road
Peterborough, NH 03248

**DEFENDANTS**
U.S. Foodservice, Inc.
9755 Patuxent Woods Drive
Columbia, MD 21046

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Hillsborough
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Frank P. Spinella, Jr.
14 Centre St., Box 2289
Concord, NH 03302-2289

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|                                          | PTF | DEF |                                                              | PTF | DEF |
|------------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State    | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State| ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                               | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Diversity jurisdiction pursuant to 28 U.S.C. §1332 - quantum meruit and misrepresentation under Massachusetts common law.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND** $in excess of $75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: February 16, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Spinella

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Ralph Schwarz v. U.S. Foodservice, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    [x] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

    [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES [ ]   NO [x]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [ ]   NO [x]

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [x]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Frank P. Spinella, Jr.__
ADDRESS __14 Centre Street, P.O. Box 2289, Concord, NH 03302-2289__
TELEPHONE NO. __(603) 225-6655__

(Coversheetlocal.wpd - 10/17/02)