UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH SCHWARTZ, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>U.S. FOODSERVICE, INC. )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 05-10331 |

## ANSWER TO COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant U.S. Foodservice, Inc. ("U.S. Foodservice"), hereby answers the allegations contained in Plaintiff Ralph Schwartz's ("Schwartz") Complaint and asserts its Affirmative Defenses thereto. The Defendant denies all allegations not specifically addressed below.

## THE PARTIES

1.   Upon information and belief, U.S. Foodservice admits the allegations in Paragraph 1 of the Complaint.

2.   U.S. Foodservice admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Maryland. Further answering, U.S. Foodservice admits that it is authorized to do business in the Commonwealth of Massachusetts, has a facility in Norwood, Massachusetts, and is one of the largest foodservice distributors in the United States, distributing food and related products to over 250,000 customers, including restaurants, healthcare facilities, lodging establishments, cafeterias, schools and colleges.

## JURISDICTION AND VENUE

3. This Paragraph contains conclusions of law that require no response. To the extent that this Paragraph contains any factual allegations, U.S. Foodservice denies them.

4. This Paragraph contains conclusions of law that require no response. To the extent that this Paragraph contains any factual allegations, U.S. Foodservice denies them.

## FACTS

5. U.S. Foodservice admits the allegations in Paragraph 5 of the Complaint.

6. U.S. Foodservice admits that Plaintiff's compensation included in part commissions on sales of equipment with a draw against commissions to be received, and denies the remainder of the allegations of this Paragraph.

7. U.S. Foodservice denies the allegations in Paragraph 7 of the Complaint.

8. U.S. Foodservice admits that it received revenue based in part on work performed by Plaintiff in managing certain projects, and denies the remainder of the allegations in Paragraph 8 of the Complaint.

9. U.S. Foodservice denies the allegations in Paragraph 9 of the Complaint.

10. U.S. Foodservice denies the allegations in Paragraph 10 of the Complaint.

11. U.S. Foodservice denies the allegations in Paragraph 11 of the Complaint.

12. U.S. Foodservice denies the allegations in Paragraph 11 [sic] of the Complaint.

## COUNT I: QUANTUM MERUIT/UNJUST ENRICHMENT

13. U.S. Foodservice repeats and incorporate its responses to the allegations of Paragraphs 1 through 12 as if fully set forth herein..

14. U.S. Foodservice admits that Plaintiff's efforts generated revenue and profit for U.S. Foodservice, and denies the remainder of the allegations of this Paragraph.

15. U.S. Foodservice lacks knowledge sufficient to admit or deny Plaintiff's "expectations" or "understandings" and leaves Plaintiff to his proof. U.S. Foodservice denies that Plaintiff was not "compensated fairly," and denies the remainder of the allegations of this Paragraph.

16. U.S. Foodservice denies the allegations in Paragraph 16 of the Complaint.

17. U.S. Foodservice denies the allegations in Paragraph 17 of the Complaint.

## COUNT II:  INTENTIONAL MISREPRESENTATION

18. U.S. Foodservice repeats and incorporate its responses to the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19. U.S. Foodservice denies the allegations in Paragraph 19 of the Complaint.

20. U.S. Foodservice denies the allegations in Paragraph 20 of the Complaint.

21. U.S. Foodservice denies the allegations in Paragraph 21 of the Complaint.

22. U.S. Foodservice denies the allegations in Paragraph 22 of the Complaint.

23. U.S. Foodservice denies the allegations in Paragraph 23 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As to each count, the Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As to each count, without conceding the Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendant, the Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

As to Count II (Intentional Misrepresentation), Plaintiff fails to state with particularity the circumstances constituting fraud.

## RESERVATION OF RIGHTS

The Defendant, U.S. Foodservice, Inc., reserves the right to amend its Answer and to assert further Affirmative Defenses as may become available during the course of discovery in this action.

> Respectfully submitted,
> THE DEFENDANT, U.S. FOODSERVICE, INC.
> By its attorneys,
>
> By  /s/ John P. McLafferty
> John P. McLafferty (BBO# 639179)
> DAY, BERRY & HOWARD LLP
> 260 Franklin Street
> Boston, MA 02110-3179
> (617) 345-4600

Dated: April 11, 2005

## CERTIFICATE OF SERVICE

I, John P. McLafferty, do hereby certify that on this 11th day of April, 2005 a true copy of the foregoing Answer was delivered by first class mail, postage prepaid, to Frank P. Spinella, Jr., Hall, Morse, Anderson, Miller & Spinella, P.C., 14 Centre Street, P.O. Box 2289, Concord, NH 03302-2289.

> /s/ John P. McLafferty
> John P. McLafferty