UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH SCHWARZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. FOODSERVICE, INC., )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 05-10331-EFH |

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the parties hereby respectfully move for entry of the enclosed Stipulated Protective Order, attached herewith. This Order is necessary to protect the privacy and confidentiality of certain documents and testimony requested in the course of discovery.

Respectfully submitted,

| THE PLAINTIFF,<br>RALPH SCHWARZ<br>By his attorneys, | THE DEFENDANT,<br>U.S. FOODSERVICE, INC.<br>By its attorneys, |
|---|---|
| /s/ Frank P. Spinella, Jr.<br>Frank P. Spinella, Jr. (BBO# 566536)<br>HALL, MORSE, ANDERSON, MILLER &<br>SPINELLA, P.C.<br>14 Centre Street, P.O. Box 2289<br>Concord, NH 03302<br>(603) 225-6655 | /s/ Joy E. Barni<br>John P. McLafferty (BBO# 639179)<br>Joy E. Barni (BBO #653711)<br>DAY, BERRY & HOWARD LLP<br>One International Place<br>Boston, MA 02110<br>(617) 345-4600 |

Dated: October 14, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH SCHWARZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-10331-EFH |
| ) | |
| U.S. FOODSERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**PROTECTIVE ORDER GOVERNING THE
CONFIDENTIALITY OF INFORMATION PRODUCED IN THIS LITIGATION**

IT IS HEREBY ORDERED that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories and other information produced, given or exchanged by and among any party or third party in the course of litigating the above-captioned matter, <u>Ralph Schwarz v. U.S. Foodservice, Inc.</u>, Civil Action No. 05-10331 (hereafter, the "Action"):

    1.    (a)    Counsel for any party, person or entity (hereinafter, "Person") subject to discovery in the Action may designate as "Confidential" files, documents, deposition testimony, and information furnished by that party in the course of pretrial discovery in the Action when such Person in good faith believes that such file, document, material or information constitutes or reveals confidential, non-public business or personal information;

        (b)    The term "Confidential" means files, documents, deposition testimony, and information that the producing party reasonably believes to constitute trade secrets as well as other confidential or proprietary commercial, personnel, financial, budgeting and/or accounting

information that is not publicly known and that cannot be ascertained from an inspection of publicly available documents and materials; and

   (c) A producing party's inadvertent failure to designate material "Confidential" in accordance with the terms of this order will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation. The inadvertent or unintentional disclosure by the producing party of confidential documents or information without a designation as such shall not be deemed a waiver in whole or in part of that party's claim of confidentiality.

 2. Confidential materials will be used by the receiving party solely for purposes of preparing for and conducting the litigation of the Action and any appellate proceedings in the Action.

 3. Any documents or other tangible materials may be designated as confidential by stamping the material with the legend "Confidential."

 4. Any deposition or other testimony may be designated as "Confidential" by any one of the following means:

   (a) Stating orally on the record of a deposition that certain information or testimony is "Confidential;"

   (b) sending written notice within twenty (20) business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential."

 5. Files, documents, deposition testimony, and information designated "Confidential" shall not be disclosed by the party receiving such materials to persons other than:

(a) this Court or any court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), Court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

(b) any named party or employee thereof provided that such party executes a copy of the acknowledgement attached as Exhibit A;

(c) counsel of the parties in the Action and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(d) clerical and data processing personnel not regularly employed by the parties or their counsel but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review or discovery material to the extent reasonably necessary to assist a party or its counsel in these proceedings;

(e) trial or deposition witnesses (including such witnesses whom any party reasonably believes will be required to testify at trial and/or deposition), in preparation for and/or during testimony, to the extent necessary in good faith to obtain needed discovery or testimony, subject to such witnesses' execution of the acknowledgment attached as Exhibit A;

(f) any jurors and alternate jurors;

(g) any individual who authored or received the Confidential information;

(h) any expert or consultant, as provided in Paragraph 6 below; and

(i) any other person as to whom the parties agree in writing, subject to such individual's execution of the acknowledgment attached as Exhibit A.

6. "Confidential" files, documents, deposition testimony, and information may be provided to experts or consultants retained in connection with the Action to the extent necessary

for such expert or consultant to prepare an opinion; to prepare to testify; or to assist counsel in the prosecution or defense of the Action, provided that such expert or consultant executes a copy of the acknowledgement attached as Exhibit A. This limitation shall not apply to the party that produced the confidential documents or information.

7. Counsel shall take reasonable steps to prevent unnecessary copying of confidential materials, and to otherwise ensure that disclosure is restricted to that permitted under paragraphs 5 and 6.

8. Counsel shall be responsible for maintaining copies of all acknowledgements signed by persons receiving "Confidential" documents or information. Such acknowledgements shall be available for inspection by counsel for all parties to this action after the final termination of the Action.

9. All documents filed with the Court in the litigation which contain or disclose any "Confidential" information shall be filed with two copies. One complete copy containing all documents including the "Confidential" information shall be filed for Court review only, and shall not be reviewed by any person not authorized to view such documents under the terms of this order, except by order of the Court. A second copy also shall be filed for the Court's public record. In that public version, the filing party shall redact all "Confidential" information and shall note the redactions within the publicly filed document. The portion of the Court filing that is designated "Confidential" shall be redacted from any copy of such document that is provided to any person to whom disclosure of such information is not permitted under paragraphs 5 or 6.

10. Whenever a party objects to the designation of documents or information as "Confidential," and the producing party refuses to change the designation, the objecting party may apply to the Court for a ruling that the document or information shall not be so treated. The

producing party bears the burden of overcoming the presumption that the information at issue does not qualify for protection under this Order. Until the Court enters an order changing the designation, the document or information shall be treated as designated by the producing party.

11. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at hearing or trial of the Action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be construed to limit in any way any party's use of its own "Confidential" materials.

12. Within sixty (60) days after the final termination of the Action, counsel shall destroy all "Confidential" materials and copies (including excerpts and summaries) thereof in his/her possession and certify in writing that such confidential materials have been destroyed, except that counsel may retain documents constituting or reflecting any work product, copies of Court filings, transcripts and exhibits, provided such documents and the "Confidential" information contained therein continue to be treated in accordance with the terms of this order.

13. If any party (or counsel for any party) receives from any non-party a subpoena or other compulsory process demanding production of material designated by the opposing party as "Confidential," the party or counsel who receives such a subpoena shall give notice to the party that designated the material as "Confidential" at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date or less than 14 days, notice shall be given to the designating person in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. The party who seeks to prevent disclosure of such subpoenaed documents should bear the burden and expense of moving to quash any such subpoena on a timely basis. Provided that such party moves to quash, the party or counsel subject to the subpoena or other compulsory process <u>may</u>

not produce the requested information, document or material, unless ordered to do so by the Court in which the motion to quash was filed.

14. Nothing herein shall preclude any party from applying to this Court for an order modifying this order, or shall preclude any modification of this order with the consent of all parties hereto.

15. This order shall apply to discovery provided by any third-party witness who agrees in writing to be subject to and bound by its terms.

| THE PLAINTIFF,<br>RALPH SCHWARZ<br>By his attorneys, | THE DEFENDANT,<br>U.S. FOODSERVICE, INC.<br>By its attorneys, |
|---|---|
| /s/ Frank P. Spinella Jr.<br>Frank P. Spinella Jr. (BBO# 566536)<br>HALL, MORSE, ANDERSON, MILLER & SPINELLA, P.C.<br>14 Centre Street, P.O. Box 2289<br>Concord, NH 03302<br>(603) 225-6655 | /s/ John P. McLafferty<br>John P. McLafferty (BBO# 639179)<br>DAY, BERRY & HOWARD LLP<br>One International Place<br>Boston, MA 02110<br>(617) 345-4600 |

Dated: October 14, 2005

## CERTIFICATE OF SERVICE

      I, Joy E. Barni, do hereby certify that on this 14th day of October, 2005 a true copy of the foregoing Joint Motion for Entry of Stipulated Protective Order was delivered by first class mail, postage prepaid, to Frank P. Spinella, Jr., Hall, Morse, Anderson, Miller & Spinella, P.C., 14 Centre Street, P.O. Box 2289, Concord, NH 03302-2289.


                                              /s/ Joy E. Barni
                                              Joy E. Barni